UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDGAR MATTA-VELAZQUEZ,

        Plaintiff,

  v.

Case No. 22-cv-527-pp

STATE OF WISCONSIN
DEPARTMENT OF HEALTH SERVICES,

        Involuntary Plaintiff,

  v.

PILOT TRAVEL CENTERS LLC,
GHI INSURANCE CO., ABC CORPORATION
and JKL INSURANCE CO.,

        Defendants

---

**ORDER REQUIRING DEFENDANT TO FILE AMENDED NOTICE OF EMOVAL**

---

      On December 8, 2021, the plaintiff filed suit against the defendants in Milwaukee County Circuit Court for damages arising from an incident at the Pilot Travel Center in Oak Creek, Wisconsin. Dkt. No. 1-1. On May 2, 2022, defendant Pilot Travel Centers LLC removed the case to this court, asserting that the court had diversity jurisdiction under 28 U.S.C. §1332. Dkt. No. 1. Nearly a year passed with no activity on the docket; the parties then filed a Rule 26(f) plan on April 18, 2023. Dkt. No. 5. On June 30, 2023, the court held a status conference during which it explained that it had reviewed the state court docket, which revealed that the defendant had filed an answer in state

1

court on January 6, 2022. Dkt. No. 8. Noting that 28 U.S.C. §1446(b)(1) requires a defendant to file a notice of removal within thirty days after receiving a copy of the initial pleading, the court ordered the parties to brief the question of whether they could stipulate to removal after the thirty-day window had closed, and gave them a deadline of July 31, 2023 by which to do so. Dkt. No. 8 at 1.

The plaintiff did not file a brief by the deadline and has not filed anything to date. On July 26, 2023, the timely defendant filed a brief. Dkt. No. 9. The defendant argues that the notice of removal was timely filed and that the plaintiff has waived any defects in the removal. Id. at 2-5. The defendant asserts that the removal is timely under 28 U.S.C. §1446(b)(3), which provides that

> if a case is initially not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. at 2 (quoting 28 U.S.C. §1446(b)(3)). The defendant argues that removal was timely under 28 U.S.C. §1446(b)(3) because the initial complaint did not allege an amount in controversy of $75,000 or more—a requirement for diversity jurisdiction under 28 U.S.C. §1332—and the plaintiff initially had indicated that he was not seeking more than $75,000 in damages. The defendant says that only on April 20, 2022 did the plaintiff inform defendant that "the sum in controversy had changed and the case now met the requirements for diversity

2

jurisdiction." Id. The defendant argues that the thirty-day period to file a notice of removal began on April 20, 2022.

In support of its position, the defendant cites to Walker v. Trailer Transit, Inc., 727 F.3d 819 (7th Cir. 2013). In Walker, the plaintiff filed a class action complaint in state court asserting that the defendant had violated various lease agreements. Id. at 821. The plaintiff alleged that he and other truck drivers were entitled to 71% of fees owed under the agreements but did not specify whether he was alleging that the drivers were entitled to 71% of the total amount of fees or 71% of the defendant's profits from the fees. Id. at 821-22. Seeking clarification, the defendant served requests for admission on the plaintiff, to which the plaintiff responded that the purported class was seeking a percentage of the entire fees. Id. at 822. Within thirty days of receiving the plaintiff's response to the requests for admission, the defendant filed a notice of removal under the Class Action Fairness Act. Id. The notice of removal included an affidavit from the defendant which explained that the possible damages could exceed $5 million if the class sought 71% of entire fees, but not if the class sought 71% of profits from those fees. Id. The plaintiff did not contest the damages estimates but moved to remand, arguing that the removal was untimely. Id. After the district court denied remand, the plaintiff appealed to the Seventh Circuit. Id.

The Seventh Circuit explained that the thirty-day removal clock under §1446(b)(3) begins to run when the defendant receives "a pleading or other paper from which it may first be ascertained that the case is or has become

3

removable." Id. at 825 (quotation marks omitted). "As applied to the amount-in-controversy requirement, the clock commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." Id. Applying that standard, the court held that the earliest possible trigger for the removal clock to commence was when the plaintiff responded to the request for admission, confirming that the class was seeking damages based on a percentage of the total disputed fees. Id. The court reasoned, however, that because that document did not affirmatively specify a damages figure, the removal clock never had began to run. Id. Instead, it took that admission *and* an estimate from the defendant's executive to demonstrate that the jurisdictional limits were met. Id. The court held that the removal was not untimely and affirmed the denial of remand. Id.

The defendant in this case argues that Walker compels the conclusion that removal was timely because the defendant was not informed that the amount in controversy had increased to $75,000 until April 20, 2022, when it received a phone call from the plaintiff's counsel. Dkt. No. 10 at 4. The defendant attached to its brief an email exchange between its counsel and the plaintiff's counsel. Dkt. No. 10-1. On December 27, 2021, the plaintiff's counsel informed defense counsel that the plaintiff did not plan to seek damages exceeding $75,000.00. Id. at 2. On April 20, 2022, defense counsel emailed the plaintiff's counsel; the email reads:

> Thank you for talking with me today. This correspondence will confirm that your client has had a "change of heart" as you say, and

4

> is now seeking damages greater than $75,000. Pursuant to our conversation, you will cooperate with filing the necessary documents to remove this case to Federal Court, as this is new information, and this case is now removable.
>
> Please let me know if this misrepresents our conversation in any way.

Id. The defendant does not indicate that the plaintiff disputed the representations in the email.

The plaintiff's initial complaint did not allege an amount in controversy, and the defendant asserts—without dispute—that the plaintiff initially indicated that he was not seeking damages greater than $75,000. This means that under Walker the thirty-day period to remove under §1446(b)(3) did not begin until the defendant received a post-complaint pleading or other paper that affirmatively and unambiguously specified a damages amount sufficient to satisfy the federal jurisdictional minimum. Walker, 727 F.3d at 825. It appears that, as was the case in Walker, the clock in this case never began to run because the defendant never received a pleading or other paper that affirmatively and unambiguously specified the damages amount. Defense counsel participated in a phone call with the plaintiff's counsel, who purportedly stated that the plaintiff had had a "change of heart" and would be seeking damages in excess of $75,000.

The plaintiff has not disputed the defendant's arguments. The notice of removal, to which the plaintiff stipulated, states that on April 20, 2022 the plaintiff advised the defendant that he was intending to claim damages in excess of $75,000. Dkt. No. 1 at ¶6.

5

In the absence of any conflicting evidence or argument to the contrary by the plaintiff, the court concludes that the notice of removal was timely because §1446(b)(3)'s clock never began to run and the removal occurred within one year after the plaintiff brought suit. See 28 U.S.C. §1446(c)(1) (explaining that a case may not be removed under §1446(b)(3) on the basis of diversity jurisdiction more than one year after commencement of the action, unless the court finds that the plaintiff acted in bad faith to prevent removal).

The defendant also argues that a district court does not have the power to remand a case *sua sponte* to correct a procedural defect in the removal process. Dkt. No. 9 at 4 (citing Pettit v. Boeing Co., 606 F.3d 340, 342 (7th Cir. 2010)). The defendant asserts that such defects are waived when a party does not bring a timely motion to remand. Id. The court agrees. Defects in the removal process, such as a failure to remove within thirty days, a failure to record the consent of all defendants or a failure to attach the state court pleading to the notice of removal, are waived if a party does not bring a timely motion to remand the case to state court. Pettit, 606 F.3d at 343. In this case, even if the defendant had failed to remove the case within the thirty-day period allowed under §1446(b), because thirty days passed without protest from the plaintiff, the plaintiff waived his right to move for remand based on any procedural defect.

The notice of removal is timely; however, the parties have not established that this court has subject matter jurisdiction. The notice of removal asserts that the court has subject matter jurisdiction under 28 U.S.C. §1332 because

the parties are citizens of different states and the amount in controversy exceeds $75,000. Dkt. No. 1 at ¶¶3-6. The plaintiff has alleged that he resides in Wisconsin, establishing that he is a citizen of that state. But neither the complaint nor the notice of removal describe the citizenship of the defendant. The notice of removal states that because it has a principal business in Knoxville, Tennessee, the defendant is a citizen of Tennessee under to 28 U.S.C. §1332(c)(1). Dkt. NO. 1 at ¶5. The defendant misreads that subsection. Section 1332(c)(1) says that a "*corporation* shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The defendant, however, is a *limited liability company*, not a corporation, rendering §1332(c)(1) inapplicable.

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of its members." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citing Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007)). If an LLC has members, the citizenship of those members must be set forth as well. Id. This court's Civil Local Rule 8 states that "[i]f a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation." It specifies that "[i]f any party is an unincorporated association, *limited liability company*, or partnership, *the pleading or notice must identify the citizenship of all members*." Civil L.R. 8 (E.D. Wis.) (emphasis added).

7

Case 2:22-cv-00527-PP    Filed 08/17/23    Page 7 of 8    Document 12

The defendant, as the party invoking diversity jurisdiction on removal, has the burden of demonstrating complete diversity. <u>Chase v. Shop 'N Save Warehouse Foods, Inc.</u>, 110 F.3d 424, 427 (7th Cir. 1997). It has neither complied with Civil L.R. 8 nor met its burden to demonstrate complete diversity.

The case cannot proceed until the court assures itself that the court has subject matter jurisdiction. The court **ORDERS** that no later than the end of the day on **August 25, 2023**, the defendant must file an amended notice of removal properly identifying the citizenship of all its members for purposes of diversity jurisdiction.

Dated in Milwaukee, Wisconsin this 17th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

8

Case 2:22-cv-00527-PP   Filed 08/17/23   Page 8 of 8   Document 12